

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2932 | **DATE** | 4/29/2004 |
| **CASE TITLE** | J.W. Peters, Inc. vs. International Association of Brick | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's motion to stay defendant Iron Workers Union's grievance

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. This Court holds that the purported unilateral repudiation by J.W. Peters, Inc. of its long-established pre-hire agreements with e International Assoc. of Brick Structural Ornamental & Reinforcing Iron Worker Local Union #1, is a nullity and totally invalid. Because both the Compliance Agreement and the Principal Agreement are thus in full force and effect, Peters' motion to stay is denied. And because Peters' action has taken the form of its complaint and Declaratory Judgment, and because this Court's final judgment is in favor of Union and its codefendant and against Peters as to whether the pre-hire agreement between the parties "has been properly and effectively repudiated" (as Peters prayer for relief puts it), this action is dismissed with the entry of this final judgment.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 3 0 2004 | 5 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | GMA docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SN courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

J.W. PETERS, INC.,
)
)
        Plaintiff,  )
)
v.                        )   No. 04 C 2932
)
INTERNATIONAL ASSOCIATION OF BRICK,)
STRUCTURAL, ORNAMENTAL AND      )
REINFORCING IRON WORKERS,       )
LOCAL UNION #1, et al.,        )
)
        Defendants. )

**DOCKETED**

**APR 3 0 2004**

MEMORANDUM ORDER

For the reasons stated at greater length in the course of this morning's motion hearing, reasons that conform to the decision by our Court of Appeals in NLRB v. Bufco Corp., 899 F.2d 608, 610-11 (7th Cir. 1990) and to the uniform decisions of other Courts of Appeals in Int'l Assoc. of Bridge, Structural & Ornamental Iron Workers Local 3 v. NLRB, 843 F.2d 770 (3d Cir. 1988), Mesa Verde Constr. Co. v. N. Cal. Dist. Council of Laborers, 861 F.2d 1124 (9th Cir. 1988)(en banc) and NLRB v. W.L. Miller Co., 871 F.2d 745 (8th Cir. 1989), this Court holds that the purported unilateral repudiation by J.W. Peters, Inc. ("Peters") of its long-established pre-hire agreements with the International Association of Brick, Structural, Ornamental & Reinforcing Iron Workers Local Union #1 ("Union"), most recently via the December 12, 2002 Compliance Agreement between Peters and Union ("Compliance Agreement"), is a nullity and totally invalid. Accordingly the Compliance Agreement is still in full force and



effect and is in turn governed by the most recent Agreement between the Associated Steel Erectors of Chicago, Illinois and Union for the period beginning June 1, 2003 and ending May 31, 2006 ("Principal Agreement")(see Compliance Agreement ¶4).

Because both the Compliance Agreement and the Principal Agreement are thus in full force and effect, Peters' motion to stay any proceedings before the Joint Arbitration Board on the same subject is denied.[1] And because Peters' action has taken the form of its Complaint for Declaratory Judgment, and because this Court's final judgment is in favor of Union and its codefendant and against Peters as to whether the pre-hire agreement between the parties (the Compliance Agreement) "has been properly and effectively repudiated" (as Peters' prayer for relief puts it), this action is dismissed with the entry of this final judgment.

/s/ Milton I. Shadur
Milton I. Shadur
Senior United States District Judge

Date: April 29, 2004

---

[1] It would seem most likely that the need for any such proceedings is eliminated by reason of this Court's decision, but it will be left to the parties to sort that matter out.

2